UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY M. LONGUS, JR.,            ) | |
|                                                       ) | |
|             Plaintiff,                            ) | |
|                                                       ) | |
|             v.                                      )  | Civil Action No. 05-0139 (JGP) |
|                                                       ) | |
| FEDERAL BUREAU OF PRISONS,  ) | |
|                                                       ) | |
|             Defendant.                        ) | |
|                                                       ) | |

**MEMORANDUM OPINION**

This Freedom of Information Act ("FOIA") case is before the Court on the motion for summary judgment of defendant Bureau of Prisons ("BOP"). The motion responds to the Memorandum Order of December 20, 2005, which directed defendant to describe its search for responsive records in light of plaintiff's claim that the 25 unredacted pages of information he received did not include signed documents. *See* Order at 1-2 (denying defendant's motion to dismiss). Upon consideration of the parties' submissions and the entire record, and for the following reasons, the Court grants defendant's motion for summary judgment.

Summary judgment should be granted to the movant if it has shown, when the facts are viewed in the light most favorable to the nonmovant, that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

All reasonable inferences that may be drawn from the facts must be drawn in favor of the non-moving party. *Anderson*, 477 U.S. at 255. As previously stated about defendant's obligations under the FOIA (Order at 2), an agency must show that it "made a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "'[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *Valencia- Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (quoting *Oglesby*, 920 F.2d at 68).

      Defendant has provided a declaration describing the initial search conducted of BOP's computerized Psychology Data System ("PDS") that produced the 25 released pages. *See* Declaration of Lynnell Cox ("Cox Decl.") ¶¶ 3-4. Following the Court's December ruling, Cox "conducted a more expansive search" of BOP's "paper psychology file [that], in some cases, contain[s] copies of signed treatment plans and other documents not contained in the computerized PDS file." *Id*. ¶ 6. Eight additional pages of information, including "the specific information which [plaintiff] seeks in his FOIA request," were located and released to plaintiff without redactions. *Id*. ¶ 7. In addition, Cox initiated a search of plaintiff's inmate central file, which "contains general information pertaining to an inmate's incarceration." *Id*. ¶ 9. One document determined to be responsive to the request "was a duplicate of a document that was previously released to [plaintiff]." *Id*. Cox avers that the files searched "are the only BOP files that would reasonably contain documents responsive to [plaintiff's] FOIA request. *Id*. ¶ 10.

As applicable here, "[o]nce the agency has shown that its search was reasonable, the burden shifts to [the plaintiff] to rebut [the agency's] evidence by . . . showing that the search was not conducted in good faith. . . .  This can be done either by contradicting the defendant's account of the search procedure or by raising evidence of the defendant's bad faith." *Moore v. Aspin*, 916 F. Supp. 32, 35-36 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383-84 (8th Cir. 1985)). "[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Meeropol v. Meese*, 790 F.2d 942, 952 (D.C. Cir. 1986) (citation omitted).

Plaintiff challenges the search because "he has not received the specifically requested signed documents . . . ." Pl.'s Opposition to the Defendant's Motion for Summary Judgment at 2.  However, "it is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate . . . Rather, the adequacy of a FOIA search is generally determined . . . by the appropriateness of the methods used to carry out the search." *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) (citing cases); *Meeropol*, 790 F.2d at 952-53 ("a search is not unreasonable simply because it fails to produce all relevant material").  In addition, "the court evaluates the reasonableness of an agency's search based on what the agency knew at its conclusion [of the search] rather than what the agency speculated at its inception." *Campbell v. U.S. Dep't of Justice,* 164 F.3d 20, 28 (D.C. Cir. 1998). Here, Cox properly followed up on leads indicating that the requested documents may have been maintained in files beyond those originally searched, Cox. Decl. ¶¶ 8-9, and released additional responsive records.  Plaintiff's "speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." *SafeCard*

*Services, Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (citations omitted).  Nor can such speculation reasonably support a finding of agency bad faith.  *See Meeropol*, 790 F.2d at 952-53 (rejecting claim of bad faith based on subsequent releases of previously withheld records despite earlier evidence of agency "intransigence").

Based on the Cox declaration, the Court finds that defendant conducted a search reasonably calculated to locate responsive records.  It is undisputed that the responsive records were released to plaintiff in their entirety.  Defendant therefore has satisfied its disclosure obligations under the FOIA, *see* 5 U.S.C. § 552(a)(3)(A), and is entitled to judgment as a matter of law.[1]

**Date: September 15, 2006**                                                                      **JOHN GARRETT PENN**
                                                                                                                    **United States District Judge**

---

[1]  A separate Order of dismissal accompanies this Memorandum Opinion.